**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAWOOD AHMED DAWOOD ABDALLA, et al., <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 19-70035 <br><br> Agency Nos. A208-444-354 <br> A208-444-355 <br> A209-049-652 <br> A209-049-654 <br> A209-049-655 <br> A209-049-656 <br> A209-049-657 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2020[**]
Portland, Oregon

Before: WATFORD and HURWITZ, Circuit Judges, and BATTAGLIA,[***]
District Judge.

Dawood Ahmed Dawood Abdalla, his wife Jehad Hussein Mansour Abu

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

Hmaid, and their five children ("Petitioners"), citizens of Jordan, petition for review of a decision of the Board of Immigration Appeals ("BIA") dismissing their appeal from the order of an immigration judge ("IJ") denying an application for asylum and withholding of removal under the Immigration and Nationality Act ("INA").[1] We have jurisdiction under 8 U.S.C. § 1252, and deny the petition.

We review the administrative findings of fact for substantial evidence. *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010). "Under this standard, the petition for review must be denied if the BIA's determination is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Id.* (quoting *INS v. Elias–Zacarias*, 502 U.S. 478, 481 (1992)).

The Attorney General may grant asylum to a "refugee." 8 U.S.C. § 1158(b)(1)(A); *see* 8 C.F.R. § 1208.13(a). A "refugee" is an individual who is "unable or unwilling to return to" his or her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 1208.13(b). The applicant must establish either past persecution or a well-founded fear of future persecution on account of a statutorily-

---

[1] The children are derivatives of their parents' applications for asylum, *see* 8 U.S.C.§ 1158(b)(3)(A), (B); 8 C.F.R.§ 1208.21(a), (c), but there is no derivative status for withholding of removal, *see* 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16; *see also Chand v. INS*, 222 F.3d 1066, 1069 n.2, 1079-80 (9th Cir. 2000).

protected ground. 8 C.F.R. § 1208.13(b)(1), (2). An application for asylum is deemed to constitute an application for withholding of removal under 8 U.S.C. § 1231(b)(3)(A). *See* 8 C.F.R. § 1208.3(b); *see also INS v. Stevic*, 467 U.S. 407, 420 n.13 (1984). The standard for withholding of removal is more stringent than the well-founded fear standard for asylum, so an applicant who fails to establish his or her eligibility for asylum necessarily fails to establish eligibility for withholding of removal. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006); *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

There is substantial evidence in the record to support the agency's determination that Petitioners failed to meet their burden of proof for asylum and withholding of removal. The evidence provided by Petitioners regarding past persecution—not having been able to secure government jobs that afforded better pay and benefits, being rejected from the Jordanian military, various and unrelated physical altercations, and paying higher tariffs—simply do not rise to the extreme level of persecution. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177–78 (9th Cir. 2004). Petitioners also failed to establish the requisite individualized risk of future persecution in the country, as they only presented evidence that they were members of a disfavored group in Jordan. *See Wakkary v. Holder*, 558 F.3d 1049, 1065 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**